UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SPENCER R MCCLAIN,

        Petitioner,

  v.                                       Case No. 20-cv-1797-bhl

EARNELL R LUCAS,

        Respondent.

## ORDER SCREENING AND DISMISSING PETITION

      On December 4, 2020, Spencer R. McClain filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (ECF No. 1.) In his petition, McClain makes a series of complaints. In addition to challenging his arrest, he alleges he is being held against his will, is being tortured, that there is no probable cause for his arrest, that evidence against him was planted by investigators, and that the DA's office is conspiring against him by withholding exculpatory evidence and committing perjury in the case. He also claims that he wasn't given an initial appearance within 48 hours. As relief, McClain asks this Court to rule that the state court has no jurisdiction to prosecute him and to appoint a special prosecutor to investigate the alleged misconduct by state officials and law enforcement officers. McClain confirms that he has not filed any appeals, filed a grievance, or sought an administrative remedy for his claims.

      Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Court permits the Court to "apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." The Court will apply those rules to this case.

      Rule 4 of the Rules Governing Section 2254 Cases requires the Court to "promptly examine" the petition—

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During its initial review of habeas petitions, the Court examines whether the petitioner has set forth cognizable constitutional or federal claims and has exhausted his available state remedies.

The exhaustion requirement applies even for pretrial habeas petitions in the interest of comity between state and federal courts. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)). Exhaustion "requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). "It is well-settled that a petitioner will be held to have exhausted his state remedies prior to trial only in 'special circumstances.'" *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (quoting *Braden*, 410 U.S. at 489).

McClain's complaint does not allege any such 'special circumstances' here. McClain has not yet had a trial and he has not filed any appeals or grievances to exhaust his remedies in state court. The state courts have therefore not had a fair opportunity to consider McClain's claims. In the interests of comity and federalism, this Court will not "disrupt a pending state criminal prosecution at which the petitioner yet may be acquitted." *Elrod*, 589 F.2d at 329. McClain may effectively vindicate his claims in state trial and appellate courts, and he must exhaust such remedies before seeking federal habeas relief. Accordingly, the Court will dismiss McClain's petition because it plainly appears that he is not entitled to relief in federal district court.

Because his petition will be dismissed for his failure to exhaust, the Court makes no determinations on the substance of McClain's claims. On December 16, 2020, McClain wrote a letter to the Court stating that he would like to withdraw his first petition and file an amended one, but he did not include the amended petition. This order thus addresses his first and only petition, which the Court will dismiss without prejudice.

**IT IS HEREBY ORDERED** that McClain's petition, ECF No. 1, is **DISMISSED**.

Dated at Milwaukee, Wisconsin on December 23, 2020.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge